IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Rudy Mial,

   Plaintiff,

vs.

Charleston County Sheriff's Department,

   Defendant.

C/A No. 0:16-3973-JFA-PJG

**ORDER**

  Rudy Mial ("Plaintiff"), proceeding *pro se*, brings this action raising claims pursuant to 42 U.S.C. § 1983 and state law against the remaining defendant, Charleston County Sheriff's Department ("Defendant"). Plaintiff claims violations of his constitutional rights and of various state laws and alleges that Defendant inadequately responded to Plaintiff's complaints of chest pains while he was detained in the Al Cannon Detention Center, which is operated by Defendant.

  The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein she opines that this Court should grant Defendant's Motion for Summary Judgment because (1) Plaintiff's claims for alleged violations of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment fail as a matter of law because Defendant is immune from suit; (2) Plaintiff's claim purporting to arise under S.C. Code Ann. § 16-5-60 was impliedly repealed by the South Carolina Tort Claims Act; and (3) with regard to Plaintiff's claim based on negligence under the South Carolina Tort Claims Act, no reasonable jury could find that any of

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

the detention center officials acted with gross negligence in connection with Plaintiff's request for medical care. The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates such without a recitation.

Plaintiff was further advised of his right to file objections to the Report and Recommendation, which was entered on the docket on August 28, 2018. (ECF No. 81). However, Plaintiff did not file any objections to the Report within the time limits prescribed. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this Court finds that the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference.

Accordingly, Defendant's Motion for Summary Judgment (ECF No. 57) is granted.

IT IS SO ORDERED.

October 1, 2018  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge